IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIRTT ENVIRONMENTAL SOLUTIONS, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-CV-1483-N |
| FALKBUILT, INC., *et al.*, | § § § | |
| Defendants. | § § | |

# ORDER

This Order addresses Defendants Falkbuilt, Inc. and Falkbuilt, Ltd.'s (collectively "Falkbuilt") motion to dismiss [20].[1]  The Court concludes that nothing in the Complaint filed in this case materially changes the *forum non conveniens* analysis already conducted by the United States District Court for the District of Utah in a related case.  Accordingly, the Court adopts the Utah court's analysis and dismisses this action for convenience under the doctrine of *forum non conveniens*.

## I. THE TORTURED HISTORY OF THIS DISPUTE

Mogens Smed co-founded DIRTT, Ltd. ("DIRTT (Can)")—DIRTT (US)'s Canadian parent—in 2003 and led it from its beginning until 2018.[2]  Smed and his co-

---

[1] Also pending before the Court are Plaintiff DIRTT Environtmental Solutions, Inc's ("DIRTT (US)") motion for recognition and enforcement of a foreign injunction [41] and Falkbuilt's motion for leave to file a supplemental reply in support of its motion to dismiss [62].  The Court denies both motions as moot.
[2] Unless otherwise noted, the facts in this section derive from the Order issued by the District of Utah denying the DIRTT entities' Rule 60(b) motion in a related case.  *See*

ORDER – PAGE 1

founders incorporated DIRTT (Can) in Canada and ran the company from Calgary, Alberta. DIRTT (Can) designs, manufactures, and sells prefabricated interior design elements, like modular units common in modern offices. DIRTT (Can) has also made software that allows both in-house and independent sales representatives to work with potential clients to "assist [them] in envisioning and designing their interior spaces." Pl.'s Resp. Br. 3–4 [35]. DIRTT (Can) participates in the United States market through a domestically incorporated entity, the aforementioned DIRTT (US), to which it licenses its intellectual property. Pl.'s Orig. Compl. ¶ 1 [1]. That subsidiary, and not the Canadian parent company, has filed this lawsuit.

Shortly after his departure, Smed founded Falkbuilt, a Canadian company based in Calgary, for the purpose of continuing to participate in the market for prefabricated interiors. Falkbuilt operates with a similar structure comprised of a Canadian parent and a subsidiary incorporated in the United States. Both the Canadian parent company and the domestic subsidiary are defendants in this action, and the Court refers to them as a single entity.

Following Smed's departure to start Falkbuilt, extreme acrimony has come to characterize the relationship between Smed and the company he once ran. DIRTT (Can) first filed a lawsuit against Smed, Falkbuilt, and another individual in Calgary, alleging violations of the Canadian Copyright Act, the Alberta Corporations Act, and Canadian common law, as well as breach of contract. The Canadian action remains pending.

---

*generally DIRTT Env't Sols. v. Henderson*, 2021 WL 6063831, at *1–2 (D. Utah Dec. 22, 2021).

ORDER – PAGE 2

DIRTT (US) sued Falkbuilt and Smed in the United States Court for the District of Utah; at some point after filing suit, DIRTT (US) added the Canadian parent, DIRTT (Can) as a party. The court dismissed the DIRTT entities' claims against Falkbuilt and Smed (along with Falkbuilt's counterclaims against the DIRTT entities) on *forum non conveniens* grounds. The DIRTT entities moved for modification of the court's judgment pursuant to Federal Rule of Procedure 60(b), which the court denied. They have appealed the dismissal to the Tenth Circuit, and that appeal remains pending.

DIRTT (US) has now filed this lawsuit in the United States District Court for the Northern District of Texas, naming only the Falkbuilt entities as defendants. The Complaint purports to limit the claims against the defendants to injury sustained in the United States.

Falkbuilt has moved to transfer or dismiss the case. First, Falkbuilt seeks dismissal on *forum non conveniens* grounds, arguing that any differences between this case and the action in Utah do not alter the analysis enough to militate a different outcome. Alternatively, Falkbuilt argues that the Court should transfer this case based on the first-to-file rule based on the lawsuit in the District of Utah. The Court begins by considering dismissal based on *forum non conveniens*.

## II. FORUM NON CONVENIENS FAVORS DISMISSAL

The *forum non conveniens* analysis favors dismissal. The Utah court has essentially ruled on the merits of the *forum non conveniens* issue through its denial—on futility grounds—of the DIRTT entities' motion for leave to amend. None of the differences between the Amended Complaint in the Utah case and the Complaint currently before this

ORDER – PAGE 3

Court fundamentally alter the analysis. Accordingly, the Court dismisses this action without prejudice to DIRTT (US) pursuing relief in the Canadian court where a related proceeding is ongoing.

### A. The *Forum Non Conveniens* Legal Standard

"[F]ederal courts have discretion to dismiss . . . actions, in certain narrow circumstances, under the common law doctrine of *forum non conveniens*." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). "Such a dismissal reflects a court's assessment of a 'range of considerations, most notably the convenience of the parties and the practical difficulties that can attend adjudication of a dispute in a certain locality.'" *Sinochem Int'l Co. Ltd v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007) (quoting *Quackenbush*, 517 U.S. at 723). Under the doctrine, a Court may "resist imposition upon its jurisdiction even when jurisdiction is authorized." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947)). The federal law of *forum non conveniens* applies in federal court, even when the court is confronted with state-law claims. *See In re Air Crash Near New Orleans, La. On July 9, 1982*, 821 F.2d 1147, 1159 (5th Cir. 1987) (holding that a "federal court sitting in a diversity action is required to apply the federal law of *forum non conveniens*").

At the first stage of the *forum non conveniens* analysis, a court must establish the (1) availability and (2) adequacy of an alternative forum. *Dtex, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)). Next, the court determines which forum is preferrable by weighing a number of "private" and "public interest" factors. *Gilbert*, 330 U.S. at 508–09. "The court

ORDER – PAGE 4

must bear in mind that 'the ultimate inquiry is where trial will best serve the convenience of the parties and the interests of justice.'" *Dtex*, 508 F.3d at 794 (quoting *In re Air Crash*, 821 F.2d at 1162).

### B. Procedural History of the Utah Action

The Complaint filed in this action substantially resembles the content of the proposed amendment in the Utah case, which that court denied leave to file because it too would be dismissed on *forum non conveniens* grounds.[3] Because this similarity figures in the resolution of Falkbuilt's motion to dismiss in this case, it will be helpful to trace the procedural history of the Utah lawsuit and the Utah court's reasoning.

DIRTT (US) filed its first lawsuit in the United States in the District of Utah, naming as defendants Falkbuilt (both the Canadian parent and United States subsidiary), Mogens Smed, Lance Henderson, Kristy Henderson, and Falk Mountain States, LLC. *DIRTT Env't Sols., Inc. v. Henderson*, 2021 WL 6063831, at *2 (D. Utah Dec. 22, 2021). According to the Complaint in that case, Lance Henderson is a Utah resident who previously worked for DIRTT (US) and now serves as an affiliate of Falkbuilt. Pl.'s. Compl. ¶¶ 13–14, Civil Action No. 01:19-cv-00144 (D. Utah filed Dec. 11, 2019). Lance Henderson's wife Kristy is a Utah resident who organized Falk Mountain States in Utah. *Id.* at ¶¶ 15–16. The Utah court's *forum non conveniens* holding did not apply to the Hendersons or to Falk Mountain

---

[3] DIRTT (US) makes much of the fact that it declined to name Smed as a party to this lawsuit and has reframed its factual allegations to downplay his involvement, but the broad sweep of the allegations—along with the causes of action under which DIRTT (US) has elected to proceed—largely mirror those of the Amended Complaint in the earlier Utah case.

ORDER – PAGE 5

States, and the DIRTT entities' claims against these defendants remain pending in Utah. *See generally DIRTT Env't Sols., Inc. v. Henderson*, 2021 WL 204321 (D. Utah May 21, 2022).

Early in the first lawsuit in Utah, Falkbuilt interposed counterclaims against the DIRTT entities. *DIRTT Env't Sols., Inc. v. Henderson*, 2021 WL 6063831, at *2 (D. Utah Dec. 22, 2021). They responded to Falkbuilt's counterclaims by seeking dismissal on *forum non conveniens* grounds. *Id.* The district court granted the request. *Id.* After its counterclaims were dismissed, Falkbuilt moved to dismiss the DIRTT entities' claims for the same reason. *Id.*

The district court held a hearing on Falkbuilt's motion, during which it preliminarily granted the motion. *DIRTT Env't Sols., Inc. v. Henderson*, 2021 WL 204321, at *1 (D. Utah May 21, 2022). The DIRTT entities made an oral motion for leave to amend its complaint to "address the court's observations about Plaintiffs' collective pleading and the fact that the complaint did not, despite attorney argument, clearly limit alleged injuries and damages to the United States." *Id.*

After the hearing, the district court denied leave to amend, holding that the proposed amendment would be futile. *Id.* An amendment disclaiming damages for injury suffered outside the United States would not fundamentally change the *forum non conveniens* analysis because the "key facts relevant to the court's forum non conveniens decision" would not change." *Id.* These key facts included: that the parent entities are both Canadian companies, that DIRTT (Can), the Canadian parent, actually owns the intellectual property

ORDER – PAGE 6

at issue, and that the chain of events leading to the allegedly unlawful conduct in the United States necessarily begins with Smed's allegedly unlawful conduct in Canada. *Id.*

### C. The Court Adopts the Utah Court's Analysis on These Facts

Falkbuilt posits that the Court may easily resolve this motion on *forum non conveniens* grounds. In Falkbuilt's telling, DIRTT (US) has simply filed the amended pleading that the Utah court refused to consider. That court already decided the *forum non conveniens* issue by holding that any amendment would be futile. Hence, this Court should dismiss this case for the same reasons.

The Court largely agrees with Falkbuilt's position. DIRTT (US) includes allegations about Lance Henderson along with another identified individual former DIRTT (US) employee. These individuals, however, are not parties to this lawsuit—only Falkbuilt is.[4] As for Falkbuilt, DIRTT (US) continues to allege a systemic, top-down course of conduct that started in Canada before spilling into the United States (but which ultimately traces back to Falkbuilt's nerve center: its Calgary, Alberta headquarters). Because Falkbuilt's activities within the United States ultimately reflect the directives emanating from its place of corporate control, the Court rejects the position that the most important sources of proof of DIRTT (US)'s claims lies not in Canada but in Texas (or, more broadly, the United States). In sum, this Court agrees wholeheartedly with the factors that motivated the Utah court's decision—that, properly conceived, this dispute is one between Canadian

---

[4] The Utah court did not dismiss the DIRTT entities' claims against Henderson and the independent business entity associated with him. This action, however, involves no similarly situated defendant.

ORDER – PAGE 7

companies involving the alleged theft of intellectual property belonging to Plaintiff's Canadian parent as part of an overall course of conduct that began in Canada and continues under the direction and control of a Canadian citizen. Accordingly, the Court dismisses the case for convenience based on the doctrine of *forum non conveniens*.

## CONCLUSION

For the foregoing reasons, the Court agrees that this motion presents a question substantially resembling that which a sister court already thoroughly addressed in a related action. That court's well-reasoned opinions analyzing the *forum non conveniens* factors persuade this Court that the same result should obtain here as in Utah. Accordingly, the Court dismisses this action without prejudice.

Signed March 10, 2022.

David C. Godbey
United States District Judge